IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOVELL BULLOCK,

        Plaintiff,                   No. CIV S-09-1967 MCE GGH P

   vs.

LORRAINE KENTER, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed November 23, 2009. For the following reasons, the amended complaint is dismissed with leave to amend.

        As in the original complaint, plaintiff alleges that an "R" suffix was improperly imposed on his classification status. Plaintiff alleges that defendants have refused to remove the "R" suffix despite his requests.

        The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68,

1

1 | 103 S.Ct. 864 (1983).

2 |   The Due Process Clause itself does not confer on inmates a liberty interest in a
3 | particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274 (1976).
4 | The existence of a liberty interest created by state law is determined by focusing on the nature of
5 | the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests
6 | created by state law are generally limited to freedom from restraint which "imposes atypical and
7 | significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin,
8 | 515 U.S. at 484, 115 S.Ct. 2293.

9 |   Under certain circumstances, labeling a prisoner with a particular classification
10 | may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131
11 | F.3d 818, 827 (9th Cir.1997) ("[T]he stigmatizing consequences of the attachment of the 'sex
12 | offender' label coupled with the subjection of the targeted inmate to a mandatory treatment
13 | program whose successful completion is a precondition for parole eligibility create the kind of
14 | deprivations of liberty that require procedural protections.").

15 |   In the August 18, 2009, order dismissing the original complaint with leave to
16 | amend, the undersigned found that plaintiff had not alleged any facts establishing the existence of
17 | a liberty interest with respect to the assignment of the "R" suffix designation. Plaintiff did not
18 | describe any injury he suffered as a result of the "R" suffix designation. Because plaintiff did not
19 | allege that he suffered an "atypical and significant hardship" as a result of the R suffix, the
20 | undersigned found that he had failed to state a colorable claim for relief. Accordingly, the
21 | complaint was dismissed with leave to amend.

22 |   In the amended complaint, plaintiff alleges that as a result of the "R" suffix
23 | designation, he has been subjected to "injuries, defamation, shunning, slander, libel, stigmatizing,
24 | embarrassment and dissocialization." Amended Complaint, p. 4. However, plaintiff does not
25 | describe these alleged injuries in any detail. Plaintiff does not describe how he has been shunned
26 | or stigmatized. These allegations of injury are so vague and conclusory that the court cannot

1 determine whether plaintiff has suffered an "atypical and significant" hardship as a result of the
2 "R" suffix designation.  Accordingly, plaintiff's amended complaint is dismissed with leave to
3 file a second amended complaint.

4       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
5 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
6 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
7 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
8 there is some affirmative link or connection between a defendant's actions and the claimed
9 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
10 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
11 vague and conclusory allegations of official participation in civil rights violations are not
12 sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
14 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
15 amended complaint be complete in itself without reference to any prior pleading.  This is
16 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
17 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
18 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
19 original complaint, each claim and the involvement of each defendant must be sufficiently
20 alleged.

21       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
22 amended complaint is dismissed with twenty-eight days to file a second amended complaint;
23 failure to comply with this order will result in a recommendation of dismissal of this action.

24 DATED: January 7, 2010　　　　　　　　　　　/s/ Gregory G. Hollows

25 　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
   bul1967.ame
26