1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LOVELL BULLOCK,

11              Plaintiff,                    No. 2:09-cv-01967 MCE KJN P

12        vs.

13   LORRAINE KENTER, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner[1] proceeding in forma pauperis with this civil rights

17   action filed pursuant to 42 U.S.C. § 1983.  Pending before this court is plaintiff's Second

18   Amended Complaint, filed in response to the orders of the magistrate judge formerly assigned

19   this case.  While the former magistrate judge granted plaintiff's application to proceed in forma

20   pauperis, he dismissed plaintiff's original and amended complaints, with further leave to amend,

21   on the ground that plaintiff had failed to allege a potentially cognizable claim.

22        The gravamen of plaintiff's pleadings is a challenge to his classification status,

23

24        [1]  The undersigned's staff has been unable to locate plaintiff's name in the "inmate
     locator" website operated by the California Department of Corrections and Rehabilitation,
25   suggesting that plaintiff may have been released from custody.  However, no change of address
     has been filed.  A litigant's failure to keep the court apprised of his or her current address
26   provides an independent basis for dismissing an action.  See Local Rules 182(f) and 110.

1

1  specifically, the assessment of an "'R' Suffix" to his Classification Score/Central File, which

2  identifies plaintiff as a sexual offender.  Plaintiff contends that the suffix was improperly affixed

3  because the underlying charges, which resulted in the revocation of his parole, were ultimately

4  dismissed.  Plaintiff seeks the removal of the designation from his records, as well as actual and

5  punitive damages.

6          The former magistrate judge dismissed plaintiff's prior complaints for failure to

7  allege an "atypical and significant hardship" sufficient to state a colorable claim for relief under

8  the Due Process Clause.  Most recently, the magistrate judge reasoned (Dkt. No. 19, at 1-3):

9          The Due Process Clause protects prisoners from being deprived of
           liberty without due process of law.  Wolff v. McDonnell, 418 U.S.
10         539, 556, 94 S.Ct. 2963 (1974).  In order to state a cause of action
           for deprivation of procedural due process, a plaintiff must first
11         establish the existence of a liberty interest for which the protection
           is sought.  Liberty interests may arise from the Due Process Clause
12         itself or from state law.  Hewitt v. Helms, 459 U.S. 460,
           466-68,103 S.Ct. 864 (1983).
13
           The Due Process Clause itself does not confer on inmates a liberty
14         interest in a particular classification status.  See Moody v. Daggett,
           429 U.S. 78, 88, n. 9, 97 S.Ct. 274 (1976).  The existence of a
15         liberty interest created by state law is determined by focusing on
           the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472,
16         481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state
           law are generally limited to freedom from restraint which "imposes
17         atypical and significant hardship on the inmate in relation to the
           ordinary incidents of prison life."  Sandin, 515 U.S. at 484, 115
18         S.Ct. 2293.

19         Under certain circumstances, labeling a prisoner with a particular
           classification may implicate a liberty interest subject to the
20         protections of due process.  Neal v. Shimoda, 131 F.3d 818, 827
           (9th Cir.1997) ("[T]he stigmatizing consequences of the
21         attachment of the 'sex offender' label coupled with the subjection
           of the targeted inmate to a mandatory treatment program whose
22         successful completion is a precondition for parole eligibility create
           the kind of deprivations of liberty that require procedural
23         protections.").

24         In the August 18, 2009, order dismissing the original complaint
           with leave to amend, the undersigned found that plaintiff had not
25         alleged any facts establishing the existence of a liberty interest with
           respect to the assignment of the "R" suffix designation.  Plaintiff
26         did not describe any injury he suffered as a result of the "R" suffix

                                        2

designation.  Because plaintiff did not allege that he suffered an "atypical and significant hardship" as a result of the R suffix, the undersigned found that he had failed to state a colorable claim for relief.  Accordingly, the complaint was dismissed with leave to amend.

In the amended complaint, plaintiff alleges that as a result of the "R" suffix designation, he has been subjected to "injuries, defamation, shunning, slander, libel, stigmatizing, embarrassment and dissocialization."  Amended Complaint, p. 4.  However, plaintiff does not describe these alleged injuries in any detail. Plaintiff does not describe how he has been shunned or stigmatized.  These allegations of injury are so vague and conclusory that the court cannot determine whether plaintiff has suffered an "atypical and significant" hardship as a result of the "R" suffix designation.  Accordingly, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

In the operative Second Amended Complaint ("SAC"), plaintiff again alleges only that his liberty interest requires "that he not be subjected in (sic) injuries, defamation, shunning, slander, libel, stigmatizing, embarrassment and dissocialization."  (SAC, at 4.)  Plaintiff contends that he "does not have to await future punishments imposed by the defendants' unsupported allegations . . . [that he] does not have to await the consummation of threatened injury to obtain preventative relief because the injury has already occurred [and] is most certainly impending . . . " (Id.)  In addition to his due process claim, plaintiff contends that defendants' reliance on dismissed/unproven allegations is tantamount to a denial of his sixth amendment right to a jury trial.  (Id. at 5.)

While plaintiff appears to have exhausted his administrative remedies pursuing this challenge (id. at 6-7, and attached exhibits), the administrative decisions demonstrate that CDCR officials carefully considered the matter and properly determined that it was appropriate to retain plaintiff's "R" designation.  As the Classification Committee initially explained, pursuant to plaintiff's March 2008 Annual Review (Dkt. No. 21, at 21):

> Although not convicted of these offenses in a criminal court, the BPT [Board of Prison Terms] did find good cause for:  Use of Alcohol, Kidnapping, Attempted Rape and Assault to Commit

3

1       Rape/ Oral Copulation, and [plaintiff] was sentenced to a 12 month revocation. Per CCR subsection 3377.1(b)(1) & DOM subsection

2       62010.4.3.11, because the BPH [Board of Parole Hearings] found good cause for an offense equivalent to a PC 290 offense,

3       [plaintiff] meets the criteria for automatic "R" suffix."

4       In response to plaintiff's administrative grievance filed July 2008, the August

5  2008 First Level Response summarized staff's resulting investigation and findings as follows

6  (Dkt. No. 21, at 29):

7       On 2-18-97, you were arrested for PC261(A)(2) Rape with Force, PC264.1 Attempted Rape, and PC288A(D), Attempted Oral Cop

8       (sic) in Concert with Force, PC264.1. Attempted Rape and PC288A(D) Attempted Oral Cop in Concert with Force were

9       subsequently dismissed in court in the furtherance of justice. However, PC261(A)(2) Rape with Force was not dismissed.[2]

10      Archive File CDC #H98427 noted that BPT found good cause for Assault to Commit Rape and Attempted Rape. Pursuant to CCR

11      Subsection 3377.1(b)(1) & DOM Subsection 62010.4.3.1.1, you meet the criteria for placement of an automatic "R" Suffix. One of

12      the elements for attaining an automatic "R" Suffix is: the Board of Parole Hearing[s] (BPH) finds good cause/probable cause finding

13      for an offense equivalent to a Penal Code 290 offense. Rape, is an offense registerable under PC 290.

14

15       This reasoning was repeated at the Second and Third/Final/Director levels of

16  review of plaintiff's grievance. The September 2008 Second Level Appeal Response (Dkt. No.

17  21, at 30, 32 (Exh. F, G) more fully provides:

18       A review of appellant's Central File reveals that on February 18, 1997, appellant was arrested in Alameda Count[y] for Attempted

19       Rape and Attempted Oral Copulation with Force; however, these charges were dismissed in the furtherance of justice/motion for

20       prosecution. Penal Code 261(A)(2) Rape with Force was not dismissed. Archive File CDC H-98427 noted that BPT found good

21       cause for assault to Committee Rape and attempted Rape, resulting

22

23       [2] This assessment clarifies the parsing within plaintiff's complaint, pursuant to plaintiff's contention that his "R" designation was improperly premised on findings that he committed

24  "assault w/intent to commit rape" and "oral copulation," without mention of the "rape with force" charge. (SAC, at 5.) While plaintiff elsewhere generally alleges that all of the charges against him were dismissed (id.), he cites his Exhibit A, which is an order signed by the

25  Alameda County Superior Court Clerk, denying as moot plaintiff's "ex parte letter requesting a copy of transcripts" because "the complaint was dismissed, and . . . Defendant was discharged in

26  this action") (id. at 12, Exh. A).

in affixing the "R" suffix.  On January 24, 1997, Oakland Police responded to the report of rape . . . [summary of facts set forth in police report]. . . Although appellant was not convicted of these offenses in criminal court, the BPT found good cause for:  Use of Alcohol, Kidnapping, Attempted Rape and Assault to Commit Rape/Oral Copulation, and was sentenced to a 12 month revocation.  Because, the BPH found good cause of an offense equivalent to a PC290 offense, appellant meets the criteria for automatic "R" suffix . . . . [¶] ]  Based on the aforementioned, the appellant is justly affixed an "R" suffix.

The December 2008 Director's Level Appeal Decision (Dkt. No. 21, at 34-35 (Exh. G)) "reaffirmed" the findings and conclusions within the Second Level Review, and concluded "that the placement of the 'R' suffix to the appellant's custody designation was completed in an appropriate manner."  (Id. at 34.)

This court's examination of the applicable rules and regulations supports the administrative rulings.  The "'R' suffix designation[3] shall be affixed . . . if one of . . . four criteria applies."  DOM § 62010.4.3.1.1.  The first criteria sets forth the conditions that plaintiff contends should be exclusively applied, viz. that "[t]he inmate is required to register per Penal Code (PC) Section 290" (based on conviction of an enumerated offense).  However, the second criteria, clearly applicable here, requires that the suffix be affixed when "[t]he inmate's parole was revoked by Board of Prison Hearings (BPH) formerly known as Board of Prison Terms (BPT)/Parole Hearing Division (PHD) [based on a] Good Cause Finding of an offense that is equivalent to an offense listed in PC Section 290."

Thus, the challenged designation comports with state law.  Moreover, even if plaintiff's designation violated state law, his challenge would not give rise to a federal cause of

---

[3] "An 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290 [setting forth offenses requiring mandatory sex offender registration]." Cal. Code Regs., tit. 15, § 3377.1 (b).  "The purpose of applying an 'R' suffix is to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates with a history of specific sex offenses."  CDCR Operations Manual ("DOM") § 62010.4.3.1.

1    action.  Only where a violation of state law is also a violation of a federal constitutional right

2    does Section 1983 provide a cause of action.  Lovell v. Poway Unified School District, 90 F.3d

3    367, 370 (9th Cir. 1996); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th

4    Cir. 1998) ("state law violations do not, on their own, give rise to liability under § 1983") (citing

5    Lovell).

6          It is apparent that plaintiff's claim lacks legal foundation, and thus that this action

7    should be dismissed.  The court is required to screen complaints brought by prisoners seeking

8    relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11   granted, or that seek monetary relief from a defendant who is immune from such relief.

12   28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either

13   in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

14   1221, 1227-28 (9th Cir. 1984).

15         For the reasons set forth herein, the court finds that plaintiff's sole claim is legally

16   frivolous and, therefore, that this action should be dismissed.

17         For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

18   dismissed without prejudice.

19         These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days

21   after being served with these findings and recommendations, plaintiff may file written objections

22   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

23   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

24   ////

25   ////

26   ////

1   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

2   (9th Cir. 1991).

3   DATED:  February 24, 2011

4

5                                                         _Kendall J. Newman_____
                                                          KENDALL J. NEWMAN
6                                                         UNITED STATES MAGISTRATE JUDGE

7   bull1967.f&r.dsm

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26